ATCHISON, T. & S. F. RY. CO. v. HARDY.

(Circuit Court of Appeals, Eighth Circuit. April 3, 1899.)

No. 1,125.

RAILROADS—INJURY OF BOY ON TRACK—AGE AS AFFECTING CONTRIBUTORY NEG-
LIGENCE.

Where the attention of a boy of 14, who was crossing diagonally over
the tracks of a railroad near a station, was attracted by a live engine
standing on a side track near where he crossed, which was ringing its
bell and blowing off steam, in consequence of which he failed to see a train
approaching from an opposite direction, which struck and injured him, his
age was an important consideration in determining whether he was guilty
of contributory negligence; and how far his youth should operate as an
excuse for his action was a proper question for the jury.

In Error to the Circuit Court of the United States for the District of Colorado.

Henry A. Dubbs (Charles E. Gast, on the brief), for plaintiff in error.

E. C. Glenn (W. B. Gobin, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. Alva Hardy, the defendant in error, suffered the loss of his right foot and a part of his right leg by being run over in the town of Rocky Ford, in the state of Colorado, by a train of the Atchison, Topeka & Santa Fé Railway Company, the plaintiff in error, on the morning of July 16, 1897. On this account he brought the present suit by Richard T. Hardy and Annie E. Hardy, his parents, acting as his next friends, and recovered a judgment against the railway company for $1,000. The accident occurred near the place where the main street of the town of Rocky Ford crosses the defendant company's railroad track, which is a point about 50 feet from the company's station or depot; and the plaintiff charged that the train which ran over him was moving at an unlawful rate of speed,—some 35 miles per hour,—in violation of a city ordinance, and that it was not a regular train, but a special. The case hinges on the plea of contributory negligence; the contention on the part of the railway company being that the boy was on its track outside of the limits of Main street, where he had no right to be, that he went on its track without looking to see if a train was approaching, and that he was hurt by his own carelessness. On this ground it is insisted that the trial judge should have directed a verdict in its favor, and not submitted the case to the arbitrament of a jury. The trial court instructed the jury, in substance, that the sole question for them to consider respecting the charge of negligence against the railway company was whether the train was moving at a dangerous or negligent rate of speed, considering the locality, and that in no other respect did the evidence tend to show that the company had been negligent or guilty of a violation of any duty. On the other hand, it charged with respect to the boy's conduct that, if he had been a person of mature years, he would,

as a matter of law, be chargeable with contributory negligence— First, because the evidence showed that he went on the defendant's track without looking to see if a train was coming; and, second, because he was apparently on the railroad track at a place outside of the traveled street, where he had no right to be. The learned judge of the trial court was of the opinion, however, that he had no right to withdraw the case from the consideration of the jury on the ground last indicated, because the plaintiff was not of full age, and that the jury had a right to say whether, in view of his minority, his conduct was excusable, and whether he should recover. We quote an excerpt from the charge which explains fully the views of the trial judge:

"So it is clear upon the testimony that, from the time he left the store and came to the track, he could have seen the train, if he had looked for it. He did not look for it. If he were a man, the law would charge upon him the duty of looking. No man can go upon a railroad track, when he can see an approaching train, and afterwards claim that he is not in fault, there being a train approaching which he might have seen by looking. But he is a boy; that is to say, he is somewhat of a boy,—it is said, fourteen years old a few months before the accident. Counsel for the defendant demand that I shall say to you that, because he was fourteen years old,—just past that age,—therefore he must be charged with the responsibility of a man. I doubt whether that can be so; that is to say, I do not doubt it can be so if you say so. If, after looking at him and observing him, you say he has the intelligence and prudence of a man, then he cannot recover in this action, because he went upon the track without looking. More than that, he got off the street, and got to a place which was east of the street, a place in which he had no right to be. Probably, also, he was walking with his back to the approaching train, in an easterly direction, and between the rails. Upon this ground, also, if he were a man, he could not recover. The law would forbid that he should recover, because he put himself blindly in a position of danger. But he is something of a boy, and he was attracted by the other train. Like a boy, he was looking at that train. If he were a man, he could not look at it; he was bound to look out for himself. Being a boy, and the kind of a boy he is, will you say that he ought to have looked out for himself? That is the question, gentlemen,—whether, on account of his boyhood, his being under age, you relieve him from this responsibility. If he were a little older, a little more mature, we should probably still say that he could not recover in this action, because he did not exhibit care for his personal safety. Now, gentlemen, I cannot explain the matter to you more than that. The young man was negligent,— there is no doubt of that; and whether he shall be excused for his negligence, and be allowed to recover from this company because of that, is a question for your consideration, as to his being under age and of immature mind."

If there is error in the record of which the railway company is entitled to complain, it inheres in the portion of the charge last quoted. There is no other error of which it may complain, as all other questions in the case were decided in its favor. To understand the allusions to the testimony contained in the above excerpt from the charge, it should be stated that there was testimony before the jury which tended to show that shortly before the accident the boy had been sent by his father, on an errand, to a store on the south side of the railroad track, with directions to rejoin him at a point some distance north of the track, and to the east of Main street, which street, as it seems, ran north and south; that on his return from this errand he walked north on Main street until near the railroad crossing; and that he then walked oblique-

ly across the street from the west to the east side thereof, intending to go diagonally across a block on the north side of the track, and east of Main street, and join his father by the shortest route. A local train was standing on the side track at the crossing, headed west, the engine being about on the east line of Main street. It was ringing its bell and blowing off steam, and the boy was required to pass just in front of this engine, or around it; and as he did so, and came on the main track, he was struck by the train which occasioned the injury. This latter train came from the west, and the evidence tended to show that it was moving at a high rate of speed. The boy testified that he was looking at the engine on the side track, and that he had also looked west up the main track before reaching the crossing, and had not seen any train coming from the west. The portion of the charge heretofore quoted is criticised on the ground that it did not afford the correct test by which to determine whether the boy's conduct was excusable because of his youth, the test mentioned in one paragraph being whether he had "the intelligence and prudence of a man." It is also said that the boy was guilty of such gross negligence that his youth and inexperience were no excuse for his conduct, and that the court should have so declared. Concerning the first of these criticisms, it only need be said that, immediately after directing the jury to consider whether the boy had "the intelligence and prudence of a man," the court remarked that, if he were "a little older and a little more mature," it would probably say that he could not recover; thereby clearly indicating to the jury that the test which they were to apply was not solely whether he had the intelligence and prudence of a full-grown man, but whether he acted as boys of his age and experience would ordinarily act under similar circumstances. This was the correct rule, and it was the rule which the court obviously intended to state, and did state, in effect, because such is the thought that is conveyed to our minds by a casual reading of the charge. We must assume that the jury understood it as we are forced to understand it, and for that reason it cannot be adjudged to have been misleading.

The other objection to the charge, in our opinion, is not tenable. Here was a boy 14 years of age going upon a railroad track in front of a live engine standing on a side track, which would naturally attract the close attention of boys of that age, and for the time being divert their thoughts from all other subjects. The average boy of 14, under such conditions, would be more interested in the engine than a man, and for that reason would not exercise the same care as an adult to ascertain if a train was approaching on the adjoining track, and it ought not to be required of him that he should do so. Care commensurate with his age, experience, and environment is all that the law should exact. In the case of Manufacturing Co. v. Erickson, 12 U. S. App. 260, 5 C. C. A. 341, and 55 Fed. 943, this court held that a boy 15 years old, who for some time had worked at a table placing boards against a wheel provided with knives, which wheel was in rapid revolution, was as capable as an adult of appreciating the result which would

ensue from allowing his hand to come in contact with the knives, that it was not necessary to give him notice of the danger, and that his minority was no excuse for his negligent conduct in placing his hand so near to the wheel that it was badly cut. The case at bar is different in its circumstances, and therefore distinguishable, in that in the present case an object very attractive to the boy and to persons of his age was standing on the side track, which rendered him momentarily unconscious of a train approaching at a high rate of speed on the other track, and from an opposite direction. We agree with the trial court that the boy's age was an important consideration in determining whether he was guilty of contributory negligence, and that how far his age should operate as an excuse for his conduct was properly a question to be determined by the jury. The judgment below is therefore affirmed.