# CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* MILES.

[No. 20,346. Filed May 13, 1904.]

RAILROADS.—*Injury at Crossing.*—*Negligence.*—Where one or more railroad tracks cross a public street of a city in a populous neighborhood, greater vigilance and care on the part of the company to avoid injuring persons using the street are required than at ordinary highway crossings in the country, or in sparsely settled and unfrequented places. *p. 650.*

SAME.—*Injury at Crossing.*—*Double-Track Road.*—*Negligence.*—A pedestrian at the crossing of a street and a double-track railroad in a populous city was waiting to cross as soon as a freight-train moving on one track in the opposite direction from a locomotive on the other, and obscuring the view and drowning the noise of the locomotive, should move off the crossing. When the freight-train had passed, the pedestrian, without notice or warning of the approach of the locomotive which was running at the rate of thirty miles an hour, started to cross, and was struck by the locomotive and killed. *Held*, that the railroad company was guilty of negligence, and that a complaint alleging such facts, and averring that the pedestrian was free from negligence, is sufficient on demurrer. *pp. 650–654.*

Cleveland, etc., R Co. *v.* Miles.

DEATH BY WRONGFUL ACT.—*Action by Parent for Death of Child.—Amendment of Complaint Pending Trial.*— Where a complaint by a parent for the death of his infant son alleges the age of the child, the relationship, that the child was healthy and strong, that plaintiff was entitled to his services, care, and custody, and that the child was killed by defendant's negligence, to the damage of the plaintiff in the sum of $10,000, it is not an abuse of the court's discretion to permit an amendment, after the argument to the jury has begun, alleging that, by reason of the death of the child, plaintiff was deprived of its services from the time of its death until it would have arrived at the age of twenty-one years, and would have been of the value of $10,000, where the evidence fully authorized the amendment. *pp. 654, 655.*

PLEADING.—*Amendment of Complaint Pending Trial.*—The refusal to require plaintiff to refile his complaint after amendment pending trial is not ground for reversal, where defendant is permitted to file demurrers to the amended complaint. *p. 655.*

NEGLIGENCE. — *Death by Wrongful Act. — Burden of Proving Contributory Negligence.—Instruction.*—In an action by a parent against a railroad company for the death of his infant child, an instruction that "the burden of proof is upon the defendant to show that plaintiff's said son was guilty of such contributory negligence, if any there was, and that defendant must prove that fact by a fair preponderance of the evidence" is incorrect, but the defect therein is cured by another instruction charging the jury that contributory negligence may be made to appear by a preponderance of all the evidence given in the case. *pp. 656, 657.*

RAILROADS.—*Crossing.—Duty to Warn Pedestrians.*—It is the duty of a railroad company to give to a pedestrian at a street crossing timely warning of the approach of a train, even though such warning is not required by statute or ordinance. *p. 657.*

DAMAGES.—*For Death of Child.—Measure of Damages.*—In an action by a parent for the death of his infant son, an instruction that the plaintiff could not recover "the value of the child's services independent of the expense of caring for and maintaining the son during minority," is not materially defective or misleading. *p. 657.*

SAME.— *Wrongful Death of Child.—Measure of Damages.*—In an action by a parent for the death of his infant son, it is proper to instruct the jury that the care which the law requires a child to exercise is according to his maturity, experience, and capacity, and that it is to be determined by the jury upon the proof of all the facts of the particular case. *pp. 657, 658.*

From Superior Court of Marion County (62,215) ; *J. M. Leathers,* Judge.

Action by James II. Miles against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From

a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. T. Dye, B. K. Elliott, W. F. Elliott* and *F. L. Little-ton,* for appellant.

*J. B. Kealing* and *M. M. Hugg,* for appellee.

DOWLING, J.—The infant son of the appellee was run over and killed April 10, 1901, at a street crossing in the city of Indianapolis, on the east track of the Indianapolis Union Railway Company, by a locomotive and car owned by the appellant, and then and there being run by it on said track. This action was brought by the father against both companies to recover damages for the injury to and death of his child. On the trial, upon a peremptory instruction by the court, the jury returned a verdict in favor of the Indianapolis Union Railway Company, and thereafter the cause proceeded against the appellant alone.

The complaint was in two paragraphs, and the first alleged that the negligence of the appellant consisted in running its locomotive, drawing a caboose, over and along one of two parallel tracks nine feet distant from each other, and over and across their intersection with Morris street, one of the public streets of said city, at a reckless and dangerous rate of speed, to wit, thirty miles per hour, while a long train of freight-cars was running in the opposite direction on the other track, completely shutting out of view said locomotive and car, and drowning the noise thereof; that the appellant failed to give to the decedent notice of the approach of said locomotive and car by ringing the bell or sounding the whistle on said locomotive, and that the watchman at said intersection, employed and kept there by the Indianapolis Union Railway Company, did not warn the decedent of the approach of the said locomotive and car, as it was his duty under his employment to do; that appellant's son, with other persons, was waiting on the sidewalk on Morris street, just west of the west

track, to cross over said tracks to a point immediately east of the east track as soon as said train on the west track should move off of said crossing; that the said moving freight-train on said west track, going south, prevented appellant's son from seeing the approaching locomotive and car coming north on the east track, and that the noise made by it prevented him from hearing the approach of said locomotive and car; that, as soon as the north end of the said freight-train had moved far enough south to enable appellant's son to cross the west track, he started to do so, without notice or warning of the approach of the said locomotive and car on the east track, and without fault or carelessness on his part, when the appellant carelessly and negligently ran its said locomotive and car at a dangerous rate of speed, to wit, thirty miles per hour, and without any signal of its approach, against and upon appellant's son, wounding and injuring him so that in one hour he died. It was also alleged, in connection with the charge of negligence on the part of the appellant, that the said railroad crossing was in a thickly settled part of the city of Indianapolis, and was much used by travelers on foot and in vehicles.

The second paragraph of the complaint was similar to the first, but contained the additional averment that the train which struck and killed the child was being run at a high rate of speed, to wit, thirty miles per hour, in violation of an ordinance of the city of Indianapolis of March 12, 1866, limiting the speed of trains within the city to four miles per hour. No question is made in regard to the other and merely formal averments of the complaint, and it is not necessary to set them out.

A demurrer to each paragraph of the complaint for want of sufficient facts was overruled, the appellant filed its answer in denial, and the cause was submitted to the jury for trial. After all the evidence was given, written requests for instructions filed, and a part of the argument

heard, the court, on motion of the appellee, and over the objection and exception of the appellant, permitted the appellee to amend each paragraph of his complaint by inserting these words: "That by reason of the death of said Harry Walden Miles, caused by the negligent acts of the defendant, as aforesaid, he, the plaintiff, was deprived of the services of his said son from the time of his death, as aforesaid, to the time he would have arrived at the age of twenty-one years, which services the plaintiff alleges were, and would have been, of the value of $10,000 to him." The appellant then moved that the appellee be required to file his complaint as an amended complaint, which motion was overruled. Appellant next demurred to each paragraph of the complaint as amended. These demurrers were overruled. A verdict was returned for the appellee, and, over a motion by appellant for a new trial, judgment was rendered on the verdict. All these rulings of the court on the demurrers and motions are assigned for error.

Does the complaint contain a sufficient charge of actionable negligence on the part of the appellant? If so, was the child of the appellee guilty of contributory fault? It is well settled that where one or more railroad tracks cross a public street of a city in a populous neighborhood, greater vigilance and care on the part of the company to avoid injuring persons using the street are required than at ordinary highway crossings in the country, or in sparsely settled and unfrequented places. In this, as in other cases, the degree of care to be exercised by the company must be commensurate with the dangers of the particular situation created by its use of the street. It may have the right to occupy the street with its tracks, and to use them for the purpose of moving its locomotives, cars, and trains, but it has no exclusive right to the use of the street, and the law imposes upon it, as upon all other persons, the duty of using its property in such manner as not to injure others who are themselves lawfully using the street and crossing.

The running of locomotives and trains at a high rate of speed over street crossings in a city, even where the ordinary signals or the statutory warnings are given, may constitute negligence, and render the company liable for injuries occasioned thereby. And, where no signals are required by statute, a failure to give a reasonable notice and warning of the approach of a locomotive, by ringing the bell or sounding the whistle, may subject the company to liability, where a traveler at the crossing is injured without contributory fault on his part. If the dangers of the situation require it, extraordinary precautions must be taken by the company to protect the public from injuries likely to occur at such crossing. Neither the ringing of the locomotive bell, nor the sounding of the whistle, nor the maintenance of a flagman at a street crossing is sufficient of itself to exonerate the railroad company from responsibility for an accident and injury resulting from the high and dangerous speed of the train, if these precautions are inadequate to render the public reasonably safe and secure in the lawful and careful use of the street. In such cases, if grade crossings are maintained, a material reduction of the speed of the train, or the erection and maintenance of safety gates, or other like measures, may be the only means, or the most reasonable and available means, by which the persons lawfully and carefully using the street may be sufficiently protected against accident. At such crossings, where there are two or more tracks parallel with each other and only a few feet apart, the risk of accident is greatly increased, and it is necessarily dangerous to a very high degree to run two trains in opposite directions on the parallel tracks at the same time, the one entirely hiding the other from the view of passengers waiting to cross the tracks, and drowning the noise of the farther train.

*Chicago, etc., R. Co.* v. *Boggs,* 101 Ind. 522, is a strong case, and is very much in point. There one train followed

another so closely on the same track that the noise of the first train drowned the signals of the train following it, and a traveler was struck and seriously injured by the second train. Upon this branch of the case the court said: "It may be laid down as settled law, that the omission to give the signals required by statute constitutes culpable negligence, and that such signals are intended to warn travelers, in lawful use of the highway, of approaching trains. As this is settled law, positively declared by statute, the railroad company cannot disobey it without incurring liability to a traveler who is injured without fault on his part contributing to the injury. Nor can the company by its own wrong render unavailing the signals required by law. If it runs one train so close upon another that there is no time to give the warning in the manner prescribed by law, it is guilty of negligence. It is obvious that the object of the statute would be defeated if one train could be run so close to another as that the noise and rumble of the leading train would drown the signals given by the train following it. Railroad companies have no greater rights to the crossing than the traveler, except the right to priority in passing, and they have no right to do any act that will mislead a traveler and expose him to needless danger. * * * There are many cases holding that if a railroad company creates an appearance of safety, and a traveler, influenced by the appearance, enters upon the track and is injured, he may maintain an action for the injuries resulting from the negligence. * * * This principle applies here, and is, indeed, essentially the same as that declared in the cases we have referred to. It certainly is negligence to create an appearance of safety where there is, in fact, danger, and such a false appearance is created when one train follows another so closely as not to allow time for giving the signals prescribed by statute. * * * If the traveler can, by the exercise of ordinary prudence, discover and avoid the danger, he must, of

course, do so, but this by no means proves that the wrongful act of the railroad company does not constitute negligence. * * * We think the court did right in this case in instructing the jury, that if the view of the track from the highway was obstructed, so that a train could not be seen, and the appellant ran a train so close behind another as not to allow time for the statutory signals to be given, the railroad company was guilty of negligence."

*Indianapolis Union R. Co.* v. *Neubacher,* 16 Ind. App. 21, is still more closely analogous to the present case, the accident having occurred in precisely the same manner, on the parallel tracks of the same company. The law was thus stated by the court: "A feature of the negligence charged, or, perhaps, more correctly speaking, a reason for the requirement of special precautionary measures, was the running of trains so closely together on the tracks as to cause the noises made by such running to prevent a person attempting to cross from hearing the distinct sound of the approaching train or its signals. To permit such noises and the passing of trains at such short intervals was not necessarily negligence, but it necessarily created additional danger to the pedestrian who might desire to cross, and brought with it the necessary requirement of providing such signals of warning as would be sure to apprise travelers over the crossing of the approach of trains."

*Louisville, etc., R. Co.* v. *Rush,* 127 Ind. 545, has many features in common with the case before us. These decisions seem to be well supported by the authorities. Broom's Legal Maxims, 365; *Heaven* v. *Pender,* L. R. 11 Q. B. D. 503; *Hill* v. *Portland, etc., R. Co.,* 55 Me. 438, 92 Am. Dec. 601; *Louisville etc., R. Co.* v. *Rush, supra; Chicago, etc., R. Co.* v. *Spilker,* 134 Ind. 380; 7 Am. & Eng. Ency. Law (2d ed.), 405, and notes; *Indianapolis, etc., R. Co.* v. *Wilson,* 134 Ind. 95; *Louisville, etc., R. Co.* v. *Sears,* 11 Ind. App. 654; *Pennsylvania Co.* v. *McCaffrey,* 139 Ind. 430, 29 L. R. A. 104.

In the present case, the crossing was in a city, and the statute requiring the whistle to be blown when the train was eighty rods from the crossing did not apply. But it was no less the duty of the appellant to give to travelers approaching its tracks reasonable warning of the coming of the train on the east track. As it was hidden from sight by the train on the west track, and as that train completely drowned the noise made by it, the appellant was negligent in running the train on the east track so close to the train on the west track that these results followed.

The complaint alleges that appellant's child was eleven years of age. The only care which could be required from him was such as he could reasonably be expected to exercise, his age, intelligence, and experience being considered. Nothing in the complaint authorizes the inference that he failed to use such care. Under the allegations of the complaint it was a question for the jury whether he did so. *Atchison, etc., R. Co.* v. *Hardy,* 94 Fed. 294, 37 C. C. A. 359; *Steele* v. *Northern Pac. R. Co.,* 21 Wash. 287, 57 Pac. 820; *Davidson* v. *Lake Shore, etc., R. Co.,* 179 Pa. St. 227, 36 Atl. 291. We are of the opinion that the complaint was sufficient to withstand a demurrer, and that the court did not err in so deciding.

At the close of the evidence, and after the case had been argued by the attorneys for the Indianapolis Union Railway Company, the court permitted the appellee to amend each paragraph of the complaint by inserting an allegation that by the death of his son the appellee was deprived of his services, which were of the value of $10,000. The complaint would probably have been sufficient without this averment. It already contained allegations of the relationship of the appellee to the child, that the latter resided with the appellee, that he was eleven years old, healthy and strong, that the appellee was entitled to his services, care, and custody, and that he was killed by the negligence of the appellant, to the damage of the appellee $10,000. Al-

though the allegation "that the plaintiff thereby lost and was deprived of the services and assistance of" the child or wife injured was generally inserted in declarations at common law in actions by the father, master, or husband, yet it seems to be rather a conclusion from the other facts pleaded than a material averment of an independent fact, and we have found no case where a declaration was held bad on general demurrer because of its omission.  2 Chitty, Pleading (13th Am. ed.), 855, 856.  In the present case the evidence already before the jury fully authorized the addition of the averment, and no further evidence was given under it.  Such amendments are very much under the control of the court, and we think there was no abuse of judicial discretion in permitting the amendment to be made. §§397, 399 Burns 1901; *Citizens State Bank* v. *Adams,* 91 Ind. 280; *City of Huntington* v. *Folk,* 154 Ind. 91.  The appellant did not show by affidavit that it was in any way prejudiced by the amendment, nor ask for a continuance because of it.  §397 Burns 1901; *Toledo, etc., R. Co.* v. *Stephenson,* 131 Ind. 203.

The refusal of the court to require the appellee to file his complaint after the addition of the averment of the loss of the services of his son did not constitute reversible error. The court permitted the appellant to file a demurrer to each paragraph after the amendment, so that the question of the sufficiency of the pleading was again raised, and the benefit of exceptions to the rulings thereon was fully saved to appellant.

The amendment did not in any way impair the complaint, and, as we have held that the pleading was sufficient before the amendment, it is not necessary to add anything to our previous statement of our reasons for so regarding it. The demurrers to the paragraphs as amended were properly overruled.

The last error assigned is the overruling of the motion for a new trial.  There is little or no controversy concern-

ing the facts. Whether the appellant was or was not negligent in running its trains on the parallel tracks, and whether it adopted reasonable precautions to prevent accidents to travelers who were using the street at the crossing, were questions of fact for the jury. So, also, was the question in regard to the care to be exercised by a child eleven years of age suddenly placed in such a situation of danger and confusion by the negligent and wrongful conduct of the railroad company. The evidence concerning the negligence of the appellant and the absence of contributory fault on the part of the child was sufficient to sustain the verdict in these particulars, and we do not feel authorized to set it aside.

This case is readily distinguishable from *Oleson* v. *Lake Shore, etc., R. Co.,* 143 Ind. 405, 32 L. R. A. 149, and the cases therein cited, both in regard to the particular circumstances and conditions under which the injury occurred, and the fact that in this case the person injured was a child and not an adult.

Objection is made by counsel for appellant to the 4th, 8th, 18th, and 19th instructions given by the court, and to the refusal of the court to give the 2d, 3d, 6th, 7th, 10th, 11th, and 14th instructions asked for by appellant.

The supposed error in the fourth instruction was that it stated that the burden of proving that the appellee's son was guilty of contributory negligence, if there was such negligence, was upon the appellant, and that the appellant must prove that fact by a fair preponderance of the evidence. Had this been all that was said upon the subject, the instruction would have been incorrect. But it was not all. The jury were fully and clearly instructed that such fact need not be established by the evidence introduced by the appellant, but that it would be sufficient if it was made to appear by a preponderance of the evidence given in the case, whether by the appellant or by the appellee. The direction of the court upon this branch of the case was so

plain, emphatic, and unmistakable in its meaning that we cannot believe that it was misunderstood by the jury, or that they were misled by it to the injury of the appellant. It was strictly correct to inform the jury that contributory negligence was a matter of defense, and that it might be proved under the answer of general denial. The statement that appellant must prove that fact by a fair preponderance of the evidence was, in other parts of the instructions, so modified and explained that it could not mislead the jury, and was therefore harmless. Acts 1899, p. 58, §359a Burns 1901; *Indianapolis St. R. Co.* v. *Taylor,* 158 Ind. 274, 279, 280. It may be added that the whole of the evidence, taken together, authorized the jury to find, as already observed, that the appellee's son was not guilty of contributory negligence, but that he exercised such care as could be required from him, his age, intelligence, and experience considered.

The eighth instruction properly stated that it was the duty of the appellant "to give timely warning of the approach of a train." This it was bound to do, whether there was a statute or ordinance requiring signals to be given at the street crossing or otherwise. It was a measure of care which the law exacted, and failure to exercise it at such a crossing as was shown to exist in this case would have been negligence on the part of the railroad company. *Chicago, etc., R. Co.* v. *Boggs,* 101 Ind. 522, 51 Am. Rep. 761; *Indianapolis Union R. Co.* v. *Neubacher,* 16 Ind. App. 21; *Louisville, etc., R. Co.* v. *Rusk,* 127 Ind. 545.

The eighteenth instruction in regard to the measure of damages in this case was not materially defective or misleading. The jury were informed by it that the appellee could not recover "the value of such services independent of the expense of caring for and maintaining the son during minority."

The nineteenth instruction contains an accurate statement of the law regarding the care to be exercised by chil-

dren of tender years in situations of peril. The court very properly told the jury that the care which the law requires a child to exercise is according to his maturity, experience, and capacity, and that it is to be determined by the jury upon the proof of all the facts of the particular case. The court did not assume that the appellee's son was of any particular age, although the undisputed evidence would have justified it in stating that he was an infant aged eleven years. If the language used concerning the degree of care to be exercised by an infant was not technically exact, there is not the slightest probability that the jury were misled by any failure of the court to observe the nice distinction pointed out by counsel between *degree* of care and *quantum* of care.

The instructions asked by the appellant and refused by the court need not be set out or considered in detail. Some of them were entirely at variance with the views expressed in this opinion; the others related to subjects on which the jury had been properly and sufficiently advised by the court.

We do not find in the amount of damages assessed for the loss of the services of appellee's son any indication of unfairness, prejudice, or passion. There is no exact standard by which the value of the services of a minor son from the age of eleven years to the age of twenty-one years can be measured, and, as this boy was already earning money, we cannot say that it was improbable that he would have continued to do so, and that his earnings would have increased from year to year until he attained his majority.

Our conclusion is that the court did not err in overruling the motion for a new trial.

We find no error in the record. Judgment affirmed.