CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAILWAY COMPANY v. ACKMAN.

[No. 11,009. Filed December 9, 1921. Rehearing denied March 9, 1922. Transfer denied June 8, 1923.]

1. APPEAL.—*Briefs.*—*Questions Presented.*—*Ruling on Motion.*— *Failure to Set Out Motion in Brief.*—Error assigned on the overruling of appellant's motion to require a statement of facts to sustain conclusions pleaded in the complaint cannot be considered, where appellant failed to set out the motion in his brief, and stated incorrectly the page in the transcript where the motion could be found. p. 172.

2. RAILROADS.— *Crossing Accidents.*— *Jury Questions.*— *Negligence.*—*Contributory Negligence.*—In an action against a rail-

road company for damages to an automobile struck at night on a crossing over which a train was being backed without the giving of warning signals, *held* that the questions of negligence and contributory negligence were for the jury. p. 177.

3. RAILROADS.— *Crossing Accidents.— Negligence.— Failure to Give Statutory Signals.—Municipal Ordinances.*—It is negligence *per se* for a train crew not to ring the bell and blow the whistle, as required by §5431 Burns 1914, §4020 R. S. 1881, on the approach of a train to a public highway crossing within a city, and the railroad company is not relieved of the effect of such negligence by reason of a city ordinance prohibiting the blowing of whistles on locomotives within the corporate limits "except in making necessary brake signals, and such other signals or warnings, as may be absolutely necessary to prevent injury to person and to property." p. 178.

4. RAILROADS.—*Crossing Accidents.—Complaint.— Issues.— Last Clear Chance Doctrine.*—The issue of last clear chance may be presented under a general allegation of negligence, but such issue is not presented where the only negligence charged, in an action for damages in a crossing accident, is that defendant railroad company failed to give the statutory signals and that it "wholly failed to give any sound or signal of the approach of such engine and cars or train of cars." p. 182.

5. WITNESSES.—*Cross-Examination.—Plaintiff's Business Interests.—Crossing Accidents.*—In an action against a railroad company for damages to an automobile in a railroad crossing accident, where plaintiff driver testified as to the business in which he was engaged, it was not error for the trial court to sustain an objection to a question on cross-examination of plaintiff, asking if he was not also engaged in other business, to show that plaintiff's business interests were of such an extent as to produce mental absorption as he approached the crossing. p. 183.

6. APPEAL.—*Review.—Trial on Merits.—Disregarding Intervening Error.—Instructions Outside Issues.—Statutes.*—Where a cause has been fairly tried and determined, it will be affirmed under §700 Burns 1914, §658 R. S. 1881, nothwithstanding error in giving instructions on the doctrine of last clear chance, which were inapplicable under the issues presented by the pleadings. p. 183.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by Lyman T. Ackman against the Chicago, Terre Haute and Southeastern Railway Company. From

a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Beasley, Douthitt, Crawford & Beasley,* for appellant.

*O. P. Estes, Rawley & Baumunk, Frank S. Rawley* and *W. F. Elliott,* for appellee.

McMAHAN, J.—Complaint by appellee against appellant to recover damages to an automobile owned by appellee and alleged to have been damaged while appellee was driving the same along the public highway in the city of Terre Haute where such highway is crossed by that part of appellant's railroad known as "The Belt Railroad."

The cause was tried upon the amended first paragraph of the complaint, hereinafter referred to as the complaint, wherein it is alleged that the damage was brought about by reason of appellant failing to give the statutory signals by sounding the whistle or ringing the bell, and by reason of the failure of appellant to give any sound or signal of the approach of the cars which caused the injury.

Appellant filed a motion asking that appellee be required to make the complaint more specific. This motion was overruled after which appellant filed a motion to "require the plaintiff to state facts necessary to sustain the conclusions alleged." This motion was also overruled after which appellant filed a demurrer for want of facts, which was also overruled. The issues being closed by a general denial, there was a trial by jury which resulted in a verdict in favor of appellee. The jury were required to, and did, in connection with the general verdict, answer certain interrogatories. Appellant filed a motion for judgment in its favor on the answers to the interrogatories which was overruled as was its motion for a new trial.

The errors assigned and relied upon for reversal are that the court erred: (1) in overruling the motion for a new trial; (2) in overruling "appellant's motion to require appellee to state facts to sustain the conclusions alleged;" and (3) in overruling appellant's motion for judgment on the answers to the interrogatories.

Appellee calls attention to the fact that appellant has failed to set out in its brief the motion, if any such was filed, to require appellee to "state facts to sustain the conclusions alleged." An examination of the record discloses that appellant filed separate motions to require appellee to make its first and second paragraphs of the amended complaint more specific and also motions to require appellee to state the facts to sustain the conclusions alleged in each paragraph of the amended complaint. The only one of these four motions set out in appellant's brief is the one to make the amended first paragraph of the complaint more specific. Appellant, in stating its "Points and Authorities" under the heading "Fifth Error Relied Upon" says: "Said fifth assignment of error reads as follows: 'the court erred in overruling appellant's motion to require appellee to state facts to sustain conclusions alleged.' * * * The motion in question is set out in the transcript at page 57." This is followed by the statement that the motion if sustained would have required appellee to state facts necessary to sustain the conclusions alleged in the amended complaint filed October 27, 1917, alleging that appellee drove his automobile "in a careful and cautious manner." The only motion set out in appellant's brief is a motion found on page 52 of the record, which is a different motion than that found at page 57 of the record, the overruling of which appellant contends is reversible error. Under this condition of the record and briefs we hold that the

alleged error of the court in overruling such motion is not presented for our consideration.

The specifications in the motion for a new trial relied upon for reversal are that the verdict: (1) is not sustained by sufficient evidence; (2) is contrary to law; (3) that the court erred in giving and refusing to give certain instructions; (4) in refusing to submit certain interrogatories to the jury for it to answer; and (5) in sustaining objections to certain questions asked appellee on cross-examination.

Appellant contends that the verdict is not sustained by sufficient evidence and is contrary to law for the reason that appellee was guilty of contributory negligence, which, it is claimed, was the proximate cause of his alleged loss.

The facts as found by the jury in answer to interrogatories are in substance as follows:

Appellee, at the time of the accident and while it was dark, was driving his automobile on the west side of Seventh street in the city of Terre Haute. Appellant's belt railroad crosses Seventh street at right angles and is straight for a distance of more than 1500 feet west of said street and is intersected on Seventh street by an interurban railroad track located near the center of the street, said tracks being on a grade with each other and slightly above the general surface of the street. Appellant's train approached this street from the west. The whistle on the locomotive engine was sounded before the engine and cars crossed another railroad, 920 feet west of Seventh street. The bell on the engine was ringing when the cars and engine crossed this railroad crossing. The engine and cars afterwards came to a stop west of Seventh street with the lead car forty to sixty feet west of the street. A brakeman was riding on the lead car when it stopped. He gave the

engineer a signal with a lantern to cross the street. The engineer, before starting to cross the street, sounded the whistle on the locomotive. The bell on the engine was ringing from the time the cars started to cross the street until the first car reached the street. Appellee was within two blocks of the railroad when the cars started to cross the street. The brakeman continued to ride on the front end of the cars after they started to cross the street and as the cars approached the street he hollered to appellee when he was about five feet south of the railroad. The east end of the east car was at this time west of the street. Appellee was driving his automobile about ten miles an hour for thirty or forty feet just before he reached the railroad crossing. His automobile was equipped with brakes which were in good condition, and with electric lights which were burning brightly. Seventh street was macadamized and appellee by the use of his brakes when going ten miles an hour under the existing conditions could have stopped his automobile within six or eight feet. After having reached a place where he could have discovered the train by looking west, he could not in the exercise of due care have stopped his automobile by the use of the brakes before the collisions. He had driven an automobile about four years and was an experienced driver. The brakeman continued to call out warnings after the lead car reached Seventh street but appellee could not by the exercise of due care have stopped his automobile after the brakeman called out the warning, in time to have avoided the collision. Appellee had good eyesight and hearing, and had no physical disability which prevented him from operating the brakes promptly and effectively. During 1910 to 1914, he had made trips by automobile prior to the accident and in making such trips through Terre Haute had driven over Seventh street and across the railroad.

Appellant had two tracks intersecting Seventh street at this point and maintained a plank crossing. The south rail of the south track was twenty-five feet from the south line of the right of way. As appellee approached the crossing he was looking straight ahead and did not look to the west before the collision. The head car had not reached the interurban track before the collision. The west side of the street was the only part of Seventh street open for travel at this place. There was nothing preventing appellee from looking to the west when he was fifteen to twenty feet south of the railroad if he had desired to look in that direction. The engine was attached to the west end of said train or cut of cars and was pushing them eastward at the time of the accident. As appellee approached the crossing and while the cars were approaching the crossing, one, Bentham cried out to the plaintiff for the purpose of warning him of the approaching cars but appellee could not have heard this warning. As the cars approached the crossing the brakeman on the east end of the cars signaled the approach of the cars by waving a lantern which the plaintiff could have seen if he had been giving heed to his surroundings but he could not have seen the signal in time to have stopped and avoided the collision. As the cars approached the street crossing the brakeman cried out to appellee of the approaching cars. The bell on the engine was ringing as the cars approached the street crossing, but the engineer did not at that time sound the whistle on the engine.

There is evidence sufficient to sustain each fact so found by the jury. The evidence is also sufficient to establish the following additional facts:

Appellee resided at St. Francisville, Illinois, where he was a dealer in automobiles and real estate. He was thirty-five years old, and at the time of the accident was on his way from St. Francisville to Racine, Wis-

consin.  Appellant for a number of years has owned and operated a line of railroad extending from Chicago, Illinois, to Bedford, Indiana, and passing through Terre Haute.  It also owned and operated a line of railroad in and around the city of Terre Haute known as the "Belt Railroad" which crossed Seventh Street at right angles.  It was raining and very dark at the time appellee approached the railroad crossing and he had turned on the electric lights of his automobile and from a point three blocks south of the railroad to the time of the accident drove his automobile at a speed of about ten miles an hour.  He had driven north over this street but once prior to this occasion and knew that there was a railroad crossing on Seventh street somewhere in the south part of the city.  The interurban railroad was near the middle of the street.  That part of the street east of the interurban track for three blocks south of the railroad crossing was being improved and was obstructed so as to prevent travel on that side.  There were piles of road material such as sand and cement along the street on the west side of the interurban tracks and along that part of the street being repaired and danger lights to warn travelers of such obstructions.  Appellee was driving his automobile on the west side of the interurban tracks, there being a space of about eighteen feet west of the tracks which was macadamized.  There were houses on both sides of the street.  The nearest one to the railroad crossing on the west side of the street was eighty-six feet south of the crossing.  There was shrubbery eight to ten feet high and a large bushy tree between this house and the railroad right of way.  Appellee, because of the rain and darkness, could not and did not see the house, shrubbery, or tree west of the street and did not and could not see and did not know that appellant's railroad crossed Seventh street at that point and did not know

that he was approaching such crossing. The only time appellee had ever driven over this street from the south and across the Belt Railroad was about three years before this occasion. He had the side curtains of his automobile on and when he was ten or fifteen feet from the crossing he heard some one halloo. He applied the brake and closed the throttle and heard a second call at which time he made use of both the foot and hand brakes practically stopping his automobile as the front part of it was crossing over the south rail of the south railroad track, when it was struck by the gravel train and badly damaged. When appellee heard the person calling he did not know whether it was intended for him or not. The street lights were not burning and there were no lights indicating that there was a railroad crossing there. Section 4 of an ordinance of the city of Terre Haute provided that: "No railroad company shall cause or allow the whistle of any locomotive engine to be sounded, within the corporate limits of said city, except in making necessary brake signals, and such other signals or warnings, as may be absolutely necessary to prevent injury to persons and to property."

The facts in this case are quite similar to the facts in *Chicago, etc., R. Co.* v. *Fretz* (1909), 173 Ind. 519, 90 N. E. 76, where the court held that the question of contributory negligence was a question for the jury. The court, in the case just cited, laid down the law applicable to the facts in this case and fully covered all of the contentions of appellant so clearly that we deem it unnecessary to extend this opinion with a discussion of the legal propositions presented upon this appeal relative to the question of contributory negligence. On the authority of that case we hold that the question as to whether appellee was guilty of contributory negligence was a question of fact for the

jury as was also the question of appellant's negligence, and that the evidence is ample to support the finding of the jury on these questions.

Instructions Nos. 3, 7, 10, 16, and 18 given by the court related to the statute requiring railroads to sound the whistle and to ring the bell upon approaching public highways and informed the jury that if appellant failed to give such signals, such failure would be negligence as a matter of law. Instructions Nos. 9, 13, 15, and 55, requested by appellant, and which the court refused to give, related to the same question and were, in effect, that the provisions of the city ordinance controlled and that appellant was not required to sound the whistle distinctly three times as required by the statute, unless the jury should find that the sounding of such whistle was necessary for the protection of persons crossing the railroad on the street.

Section 5431 Burns 1914, §4020 R. S. 1881, requires all railroad companies operating in this state to equip every locomotive engine with a bell and whistle and provides that on the approach of such engine to a public highway crossing, the whistle shall be sounded distinctly three times when such engine is not less than eighty nor more than one hundred rods from such crossing and that the bell shall be rung continuously from the time of sounding the whistle until the engine shall have passed the crossing. It is also provided that—nothing in this section of the statute "shall be so construed as to interfere with any ordinance that has been or may hereafter be passed by any city or incorporated town in this state regulating the management or running of such engines or railroads within the limits of such city or incorporated town."

The force and effect of ordinances similar to the ordinance of the city of Terre Haute and here involved have

been considered by the supreme court and by this court in a number of cases.

In *Cleveland, etc., R. Co.* v. *Carey* (1904), 33 Ind. App. 275, 71 N. E. 244, the trial court after having allowed a similar ordinance to be introduced in evidence struck the same out and on appeal, this court on pages 281, 282, said: "The ordinance prohibits any railroad company, locomotive engineer, fireman, or employe to sound any locomotive engine whistle within the corporate limits of the city of Muncie, affixing a penalty, provided that nothing in the ordinance 'shall prohibit such company, or its employes, from sounding fire alarms, or signals necessary for the transaction of the business of such company, or such danger signals as are necessary for the protection of life and property.' The act of March 29, 1879 (Acts 1879, p. 173, §5307 Burns 1901), required the sounding of a locomotive engine whistle upon approaching a crossing, but provided 'that nothing herein shall be so construed as to interfere with any ordinance that has been, or may hereafter be passed by any city in this state regulating the management or running of such engine or railroad within the limits of such city.' Under this proviso the city of Muncie was not prohibited from adopting such an ordinance as the one in question. * * * It follows that the ordinance of June 9, 1879, was an act within the city's powers, and, unless it had been repealed, was in force at the time of the trial. The question, then, is, what is the effect of the proviso to the ordinance. By the ordinance the company is prohibited from sounding a locomotive engine whistle within the city limits, and by the proviso it is not prohibited 'from sounding * * * such danger signals as are necessary for the protection of life and property.' The city had the power to prohibit by ordinance the sounding of the whistle for

any purpose, but by the proviso it excepted from the ordinance certain signals. The ordinance and proviso cannot be construed as meaning that these certain signals shall be given, but simply that they are not prohibited. That is, the company's right or duty to sound danger signals for the protection of life or property is in no way affected by the ordinance, and this right or duty exists, or does not exist, without reference to the ordinance. If, then, there was in force a statute requiring the company to give such danger signals as are necessary for the protection of life and property, it applied within as well as without the city limits. It has been held that the statute requiring signals at crossings was designed to protect human life. *Pittsburgh, etc., R. Co.* v. *Brown,* 67 Ind. 45, 33 Am. Rep. 73. As this kind of signals was not prohibited by the ordinance, and it was a statutory duty to give such signals, a failure to give them was negligence. It follows from what we have said that the ordinance was not material, and it was not error to strike it out." To the same effect see *Aurelius* v. *Lake Erie, etc., R. Co.* (1898), 19 Ind. App. 584, 49 N. E. 857.

In *Cleveland, etc., R. Co.* v. *Lynn* (1911), 177 Ind. 311, 95 N. E. 577, 98 N. E. 67, it is said: "Instruction fourteen consisted of the reading of §5431 Burns 1908, §4020 R. S. 1881, on the subject of signals at highway crossings. The instruction was in nowise applicable in this case as to a crossing signal. The proviso of the act was for the purpose of marking the distinction between rural highway crossings and the police regulations in cities and incorporated towns, and the section is to be taken in connection with the ordinance which by section five provided that whistles shall not be sounded 'within the city, except in making necessary track signals, and such may be absolutely necessary to prevent injury to persons and property other than their

own,' etc., and, on appellant's application, the court instructed the jury that this ordinance was in force, so that in no event could appellant be harmed by the instruction, or the jury misled into believing that whistling was required. *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 70 N. E. 985."

In *Pittsburgh, etc., R. Co.* v. *Terrell* (1911), 177 Ind. 447, the court on p. 453 in discussing the same statute said: "It has long been settled by many decisions of this court, that the failure of a railroad company, in the operation of its road, to give the signals enjoined by statute of the approach of its trains to public highways crossed by its tracks is a violation of its duty owing to travelers on such highway, and constitutes negligence, giving rise to a cause of action in favor of such a traveler who has been injured thereby, without negligence on his part which contributed to his injury. Indeed, the statute itself expressly makes the railroad company in such cases liable. * * * That the statutory duty of giving warning of the approach of trains to highway crossings applies to the crossings of streets in cities and towns, * * * to regulate the running of trains therein, has been recognized and impliedly decided in many of our cases. * * * And it has been expressly so decided in the case of *Cleveland, etc., R. Co.* v. *Carey, supra,* wherein it was held that the statute was in force in a city, notwithstanding the fact that there was then in force in such city an ordinance prohibiting the sounding of railroad whistles, except to give 'such danger signals as are necessary for the protection of life and property.' "

From a casual reading of the quotation from *Cleveland, etc., R. Co.* v. *Lynn, supra,* there is an implication that the ordinance referred to, being in force, excused the sounding of the whistle as required by the statute. If this is the correct construction to be placed upon that

case, it is in conflict with *Pittsburgh, etc., R. Co.* v. *Terrell, supra,* wherein the court in discussing the effect of an ordinance, almost word for word with the ordinance of the city of Terre Haute here involved, approved the holding of this court in the Cary case. As we understand the Terrell and Carey cases, they hold that the respective ordinances there involved did not prohibit the sounding of the whistle as required by the statute; and since the giving of such signal was not prohibited by ordinance, it must be given; and that a failure to give such signal is negligence *per se.* There was therefore no error in giving instructions Nos. 3, 7, 10, 16 and 18, or in refusing to give the tendered instructions Nos. 9, 13, 15 and 55.

The next contention of appellant is that the court erred in giving instructions Nos. 19 and 22 tendered by appellee. These instructions relate to the

4. doctrine of the "last clear chance." Appellee contends that the issue of last clear chance may be presented under a general allegation of negligence and that the error, if any, in giving said instructions was an invited error. It is true that such issue may be presented under a general allegation of negligence, but there is no such allegation in appellee's complaint. The only negligence charged against appellant is that it failed to give the statutory signals and that it "wholly failed to give any sound or signal of the approach of such engine and cars or train of cars." This being true, it was error for the court to give instructions Nos. 19 and 22. There is no merit in the contention that the error was invited by any act of appellant.

Complaint is also made of the refusal to give other instructions tendered by appellant. These instructions, so far as they correctly stated the law, were fully covered by instructions given.

Complaint is next made of the refusal of the court

to submit certain interrogatories to the jury. An examination of the record shows that the interrogatories submitted to the jury covered all the facts inquired about in the interrogatories which the court refused to submit to the jury.

Appellant further contends that the answers of the jury to the interrogatories submitted to them conclusively show that appellee was guilty of contributory negligence and that it was error for the court to overrule its motion for judgment on these answers. Without entering upon a discussion of the allegations of the complaint and the facts necessarily covered by the general verdict it is sufficient to say that the answers of the jury to the interrogatories are not sufficient to overcome the general verdict. There was no error in overruling this motion.

Appellant also contends that the court erred in sustaining an objection to a question asked appellee on cross-examination wherein appellant asked if he

5. was not the owner of and operating a number of farms. Appellee had testified that his business was dealing in automobiles and real estate. Appellant says that it was proper on cross-examination to show that appellee's business interests were of such an extent as to produce a mental absorption on his part as he approached the crossing and thus account for the failure to observe the approach of the cars. We cannot agree with this contention.

The only error pointed out by appellant is the giving of instructions Nos. 19 and 22, but we are of the opinion that the merits of the cause have been fairly

6. tried and determined and that under §700 Burns 1914, §658 R. S. 1881, the judgment should be affirmed, notwithstanding the error in giving said instructions.

Judgment affirmed.