The Indianapolis, Decatur and Western Railway Co. v. Wilson, etc.

No. 16,083.

THE INDIANAPOLIS, DECATUR AND WESTERN RAILWAY COMPANY v. WILSON, BY NEXT FRIEND.

RAILROAD.—*Crossing.*—*Complaint.*—*General Averment of Freedom from Contributory Negligence Overcome by Specific Averments.*—Where a complaint against a railroad company, for injuries received at a railroad crossing, contains the general averment of freedom from contributory negligence, and also contains the additional averment that the plaintiff, "not knowing or observing, and not having time or opportunity to know or observe that a portion of said train had been" detached and was following, started to cross the track, the additional averment rendered the complaint bad on demurrer, as showing contributory negligence, the complaint not proceeding upon the theory that the plaintiff was of such tender years as to want sufficient discretion to avoid the danger.

SAME.—*Railroad Crossing.*—*Duty of Traveler to Look and Listen.*—It is the duty of a person about to cross a railroad track to look and listen, that he may ascertain if there is any danger, and avoid it, and to fail to do so is negligence.

CONTRIBUTORY NEGLIGENCE.—*Age of Irresponsibility, not Wholly Irresponsible, and of Responsibility.*—*Degrees of Care.*—In determining whether one is guilty of contributory negligence, the age may be taken into account; children of tender years, not having reached the age of responsibility, not being guilty of contributory negligence, and children having attained an age when they are not wholly irresponsible, and not chargeable with the same degree of care as adults, and adults who have attained to an age of sufficient discretion to appreciate the danger.

From the Putnam Circurt Court.

*R. B. F. Peirce* and *A. L. Mason*, for appellant.

*S. A. Hays*, *L. A. Barnett* and *J. T. Barnett*, for appellee.

OLDS, J.—This is an action by the appellee against the appellant for damages resulting from an injury alleged to have occurred at a highway crossing by reason of the negligence of the appellant.

There was a demurrer filed to the complaint by appel-

lant for want of facts, which was overruled, and exception taken.   Issues were joined, and a verdict and judgment were rendered in favor of appellee for $7,000.   Appellant filed a motion for a new trial, which was overruled.

Errors are assigned that the complaint does not state facts sufficient to constitute a cause of action, and on the overruling of the demurrer to the complaint, and overruling the motion for a new trial.

The first question presented relates to the sufficiency of the complaint, it being contended by counsel for appellant that it shows contributory negligence on the part of the appellee.

While the complaint states that the appellee was nine years of age, it proceeds upon the theory that he possessed sufficient discretion to avoid the danger, and if he or his parents were guilty of contributory negligence, he can not recover.

It is well settled, by the decisions of this court, that it is sufficient to allege that the complaining party suing for damages resulting from an injury exercised due care, and the injury resulted from the negligence of the defendant, without any fault or negligence on the part of the injured person contributing thereto, unless it be clearly shown by other allegations in the complaint that the complaining party was guilty of negligence. *Gheens v. Golden*, 90 Ind. 427; *Pittsburgh, etc., R. W. Co. v. Wright*, 80 Ind. 182; *Ohio, etc., R. W. Co. v. Walker*, 113 Ind. 196; *City of Wabash v. Carver*, 129 Ind. 552; *Pennsylvania Co. v. O'Shaughnessy, Admr.*, 122 Ind. 588.

The complaint in this case alleges that the injury occurred at a highway crossing; that the appellant's servants negligently cut the engine loose from a moving train, and ran the engine in advance, leaving the train to follow across the highway without any person to give warning of its approach, and that the appellee was not guilty

The Indianapolis, Decatur and Western Railway Co. v. Wilson, etc.

of negligence; but it alleges that the appellee on foot stood and watched the engine pass across the public highway, and, when it so passed, appellee started "across said track, not knowing or observing, and not having time or opportunity to know or observe, that a portion of said train had been" disconnected, and was following.

Why counsel inserted such an allegation in the complaint, we are not advised, but, being in the complaint, we must construe the complaint giving effect to such averment.

It appears by the averments of the complaint that the employees of the appellant operating a freight train upon appellant's railroad, before crossing a public highway, detached the engine from the train of cars, and ran the engine in advance of the train, allowing the train of cars to follow, running across the highway without being under the control of the engineer or other person. It does not appear how far distant from the crossing the engine was detached, or what distance apart the engine and cars were, or what time elapsed between the time the engine crossed the highway and the time when the front car in the train crossed it; nor is there any averments showing the situation surrounding the crossing, as to whether or not the view was obstructed. It is merely shown, by the averments of the complaint, that it was at a point where the railroad crossed a public highway, and that the engine was detached and run across the highway in advance of the train of cars, and the train of cars was allowed to run across the highway not under the charge or control of an engineer, brakeman, or other employee of the appellant. Then it is averred that appellee waited and observed the engine and cars attached to it, if any were attached, pass across the highway, and he started across the track, "not knowing or observing, and not having

time or opportunity to know or observe, that a portion of said train had been" detached and was following.

It is the duty of a person about to cross a railroad track at a public highway to look and listen, that he may ascertain if there is danger, and to avoid it. It is his duty as far as possible to observe the situation, and use his senses of sight and hearing, and exercise his faculties to avoid danger, and to fail to do so is negligence.

In *Shoner* v. *Pennsylvania Co.*, 130 Ind. 170, it is said: " When a traveller approaches a railroad with the intention of crossing it, he is bound to know that to attempt to cross near and in front of a moving train involves more or less danger. If he is so heedless of his personal safety that he braves the danger, or so careless that he does not use the senses nature has given him to look and listen, that he may learn if there is danger, only one inference, that of negligence, can be drawn from his conduct."

To observe is to pay attention to, to be on the watch. It was the duty of the appellee to observe the situation at the crossing at the time he attempted to cross; to be on the watch for danger, and look and listen; to make use of his senses; but the affirmative averments of this complaint show that the appellee voluntarily entered upon the track, attempting to cross, without observing, without paying any attention or exercising his senses, or looking or listening for the approaching train, and the complaint contains no averments showing any excuse for not doing so, except that he did not have time or opportunity to observe. Time is regarded as very precious, but the law requires one to take sufficient time at such a dangerous place as a railroad crossing, to exercise his senses and observe the surroundings, and not incur the danger of attempting to cross in front of a moving train

which is plainly within his view, and may be observed if he gives heed to the surroundings.

The averment as to opportunity is a mere conclusion, and can be given no effect except facts are stated showing why no opportunity existed for observation, and the only reason given as to why appellee had no opportunity to observe the train is that he did not have time, which is not available as excuse for not looking and listening and observing whether or not a train was approaching. Thus it is clearly, affirmatively shown, by these averments in the complaint, that the appellee was guilty of negligence, notwithstanding the general allegation to the effect that he was free from fault or negligence, and the complaint is bad.   As bearing upon the rule applicable in such cases, we cite, *Brazil Block Coal Co. v. Hoodlet*, 129 Ind. 327; *Ohio, etc., R. W. Co. v. Hill, Admx.*, 117 Ind. 56; *Baltimore, etc., R. R. Co. v. Walborn, Admr.*, 127 Ind. 142; *Cincinnati, etc., R. W. Co. v. Howard*, 124 Ind. 280.

In holding the complaint bad, we have not been unmindful of the rule that children who have not reached the age of responsibility can not be guilty of contributory negligence; and that children who have attained an age when they are not wholly irresponsible, and are not chargeable with the same degree of care as adults, but only such as one of like age and discretion would be expected to exercise under the circumstances.

The complaint, under the well settled rule in this State, must show the injured party free from negligence.   It must show this fact in every case where the party is at an age when he is not regarded as wholly irresponsible, and may be guilty of contributory negligence, even if not in a case where the injured party is alleged and shown to be so young as to be *non sui juris*.

The complaint in this case does not proceed upon the

theory that the appellee is wholly irresponsible, but, on the contrary, alleges generally that he was free from contributory negligence, and then affirmatively alleges that he omitted to do what was negligence to omit, and seeks to excuse himself from such negligence on the ground that he did not have time to observe the situation before entering upon the track.

As the judgment will have to be reversed on account of the insufficiency of the complaint, it is unnecessary to pass upon the other questions presented, as they may not arise on a re-trial of the cause.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

