## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY *v.* HICKMAN.

[No. 6,071. Filed October 8, 1907.]

1. TRIAL.—*Interrogatories.—Contributory Negligence.—Pedestrian Crossing Railroad Tracks.*—Answers to interrogatories to the jury showing that a pedestrian whose view of a railroad track was entirely cut off by cars and houses until he was within five or six feet of the main track do not establish contributory negligence as a matter of law on the ground that plaintiff did not stop at such point and look for an approaching train. p. 317.

2. RAILROADS.—*Injuries at Crossing.—Infants.—Care.*—A railroad company which has set its cars on the side-track in such manner that they, together with buildings, cut off a ten year old boy's view of an approaching, past-due train, is liable for killing such boy, though he might have seen the train if he had looked when within a few feet of the track, it being further shown that the company's signal bell did not ring as usual at the approach of such train. p. 318.

3. INFANTS.—*Contributory Negligence.—Question for Jury.—Railroads.*—The question whether a ten year old boy, who was running to overtake his three companions and whose view of the railroad track was cut off by cars and houses, and who was killed while crossing in front of an approaching, past-due train whose approach was not heralded by the customary signal bell, was guilty of contributory negligence in failing to stop when within five or six feet of such track and look for a train, is for the jury. p. 318.

From Lawrence Circuit Court; *James B. Wilson*, Judge.

Action by James Hickman against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Gardiner, Tharp & Gardiner, R. N. Palmer* and *E. Barton*, for appellant.

*Brooks & Brooks, F. A. Seal* and *McCormick & Gilkison*, for appellee.

ROBY, J.—Action by appellee for the recovery of damages averred to have been caused by the death, through appellant's negligence, of appellee's son, who was not quite ten years of age. The complaint was in one paragraph. Its substance is that on March 10, 1905, appellant's railroad, consisting of a main track and side-track, crossed Depot street in the city of Loogootee; that the distance between said tracks was five feet, and that appellant negligently maintained certain buildings upon its right of way adjacent to said side-track, and negligently placed cars upon said side-track and in said street, thereby obscuring approaching trains from persons' going toward said tracks from the south; that it had for a long time maintained at said crossing an automatic alarm bell, operated by electricity, for the purpose of warning travelers of the approach of trains when the same were 300 feet distant; that the appellee and decedent relied upon said alarm, and that appellant negligently suffered the same to be out of order so that it failed to sound any alarm, of which condition appellant knew and decedent did not know. The existence of an ordinance limiting the speed of trains to ten miles an hour through said city, and the negligent violation thereof on the occasion in question, are also set up. It is further averred that the appellant negligently failed to sound the whistle or ring the bell upon its locomotive engine as required by statute; that said train was due at said crossing at 12:36 o'clock p. m.; that at 12:56 o'clock p. m. decedent undertook to cross said tracks, and was struck by said train, which he did not and could not see, and was instantly killed; that his death was caused by the negligence specified.

The issue formed by a denial was submitted to a jury, which rendered a verdict against appellant for $2,000, with

answers to interrogatories. Appellant's motions for judgment upon the answers to interrogatories and for a new trial were overruled, and judgment was rendered upon the verdict.

It is admitted that there was evidence sustaining the verdict so far as the negligence charged against appellant is concerned, and no interrogatory relative to the subject was submitted.

The proposition relied upon by appellant is that the decedent was contributorily negligent. Appellee asserts that the proposition requires the conduct of a ten-year-old boy to be measured as though he were an adult. Appellant in its reply disclaims this attitude, and asserts that the facts show the child to have exercised no care, and that as it was not *non sui juris* some care was required.

The answers to interrogatories show that appellant's railroad runs east and west, and Depot street runs north and south. The crossing is at grade. A main and side-track, eight feet six inches apart, crossed the street, which is forty-two feet wide. At the time of the accident a stock-car on the side-track occupied eighteen to twenty feet of the highway. There were other cars on the siding east of the stock-car. There were buildings of various heights south of the side-track and east of the street. The cars and buildings obstructed the boy's view of the main track until he passed over the side-track and to the north side of the stock-car. He was going north on foot when struck. The train came from the east. He could have seen it had he stopped and looked east when he was five or six feet from the main track. From that point he could see along the track a quarter of a mile. He was running, and was not warned.

The standard of reasonable care applicable to an adult is not the standard of care required from a child ten years old. If, upon the foregoing facts, the child was held, as a matter of law, to have been contributorily negligent, it

would be difficult to indicate the effect of the distinction. There is nothing tending to show negligence upon his part, except that he failed to stop and look when between the two tracks, and no higher degree of care than this could be exacted from any one. This isolated fact is, not sufficient to overthrow the general verdict, and appellant's motion for judgment was correctly disposed of.

The evidence, the sufficiency of which is questioned by the motion for a new trial, furnishes a convincing illustration of the wisdom of the rule which holds a child

2. to the exercise of care proportionate to its capacity.

Four boys were going north. The first three safely crossed the track. The fourth one was behind, and was running to catch up, and was struck by an engine which, owing to the obstruction referred to, was within the range of his vision only while he was taking a few steps, and which he apparently did not see. It does not appear that he anticipated the approach of the train at the time. There is evidence to the effect that he had reason to believe that no train was near. The electric gong when in working order began to sound when a train was 300 feet distant, and continued until it had crossed the street. It was silent. The train should have crossed twenty minutes earlier. The boy's companions crossed safely. He was running to overtake them. There was nothing in his conduct out of keeping with the conduct to be expected from boys of his age.

The measure of the duty of care required from a child has frequently been stated, and whether in the given instance it was exercised is universally held to be a

3. question for the jury. *Citizens St. R. Co.* v. *Hamer* (1902), 29 Ind. App. 426; *Indianapolis St. R. Co.* v. *Antrobus* (1904), 33 Ind. App. 663; *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646; *Keller* v. *Gaskill* (1894), 9 Ind. App. 670; *Cleveland, etc., R. Co.* v. *Klee* (1900), 154 Ind. 430, 432.

Judgment affirmed.