EARL E. VESSELS, by next friend, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. PASSENGER CARRIERS: Negligence: Risk: Demurrer to Evidence.  A passenger standing on the running-board of a street car assumes only the risks that are incident to the position he selects and not those resulting from the negligence of the carrier, nor does he forfeit any of his rights as a passenger; and the evidence relating to the injury of a boy so standing, is reviewed and held to warrant sending to the jury the question of negligence and contributory negligence.

2. ———: ———: Street Car: Rapid Running: Evidence.  The word "rapid" is to be construed in the light of the circumstances of the particular situation; and attempting to pass a wagon stationed in the middle of a block so close to the track as to threaten collision without reducing speed, would obviously be to run by rapidly.

3. ———: ———: Infant: Instruction.  An instruction that due care on the part of an infant does not require the judgment and thoughtfulness that would be expected of an adult person under the same circumstances, is approved.

4. ———: ———: Discovered Danger: Humanitarian Doctrine: Approximate Cause.  Where the evidence shows that a gripman actually discovered the peril of a boy riding on the running-board of a car in time to have averted the injury had he acted with reasonable promptitude and judgment, the case raises the salutary principle of the humanitarian doctrine, and the carrier should have availed itself of the last fair chance of protecting its passenger against injury, notwithstanding the latter's negligence in assuming the position he occupied; and its failure to so do becomes the approximate cause of the injury.

Appeal from Jackson Circuit Court.—*Hon. Jackson L. Smith*, Special Judge.

AFFIRMED.

*John H. Lucas, F. G. Johnson* and *C. C. Madison* for appellant.

(1) The court should have directed a verdict for defendant because under all the evidence plaintiff was not entitled to recover. Ashbrook v. Railway Co., 18 Mo. App. 290; Willmott v. Railway Co., 106 Mo. 535; Petty v. Railroad, 179 Mo. 666; Lee v. Jones, 181 Mo. 291; Sweeney v. Railway, 150 Mo. 386; Parks v. Railway, 178 Mo. 108. (2) Plaintiffs' instruction number 1 is erroneous in that it is predicated upon a state of facts not pleaded nor proved. Meiley v. Railroad, 107 Mo. App. 466; Marr v. Bunkler, 92 Mo. App. 651. (3) Plaintiff's fourth instruction is also erroneous. Payne v. Railroad, 129 Mo. 405; Payne v. Railroad, 136 Mo. 562; Willmott v. Railway, 106 Mo. 543; Spillane v. Railroad, 135 Mo. 414; Campbell v. Railroad, 175 Mo. 161. (4) Plaintiff's instruction number 6 is defective. Petty v. Railway, 179 Mo. 666; Campbell v. Railway, 175 Mo. 161; Marr v. Bunker, supra; Ashbrook v. Railway Co., supra; Wallack v. Transit Co., 123 Mo. App. 160; Ashbrook v. Railway Co., 18 Mo. App. 291; Hensler v. Stix, 113 Mo. App. 181; Payne v. Railroad, 129 Mo. 115.

*W. O. Cardwell* and *G. M. Johnston* for respondent.

(1) If the statement of defendant was true, that under all the evidence, plaintiff was not entitled to recover, then there is no necessity for the citation of authorities. But the facts proven disprove the statement of the brief. (2) Objection is made to plaintiff's first instruction because not based upon facts pleaded or proven, and the objection is based upon the use of the word "rapidly" in the petition. What is the testimony? (3) Objection is made to plaintiff's fourth instruction. But see Anderson v. Terminal Co., 161 Mo. 424; Stern v. St. Louis, 161 Mo. 147; Fry v. Transit Co., 111 Mo. App. 332. (4) The sixth instruction is claimed to be de-

fective because there is no proof to support the hypothesis that the gripman might have averted the accident after he saw, or by reasonable diligence might have seen, plaintiff's peril. It needed no expert evidence to show that the car could have been stopped within fifty feet. Latson v. Transit Co., 192 Mo. 449; Wellmeyer v. Transit Co., 198 Mo. 527; Sweeney v. Railway, 150 Mo. 386; Parks v. Railway, 178 Mo. 108; Seymour v. Railway, 114 Mo. 266.

JOHNSON, J.—Plaintiff was injured while riding as a passenger on a street car operated by defendant, and sues to recover the damages sustained on the ground that they were caused by the negligence of defendant. Verdict and judgment were for plaintiff and defendant appealed.

The first complaint of defendant relates to the refusal of the trial court to instruct the jury peremptorily to return a verdict in its favor. At about five o'clock in the afternoon of February 2, 1904, plaintiff (a minor) became a passenger on an east bound cable train operated by defendant on one of its lines of street railway in Kansas City. He boarded the gripcar at Ninth and Broadway streets, intending to ride to Main street, a distance of five blocks, and stood on the running-board. He states that the coach was crowded and the gripcar "pretty well filled" with passengers and gives this as the reason for not seating himself. Running at usual speed, the car approached a point where a coal wagon was backed to the sidewalk to unload. It stood crosswise in the street between the track on which the train was coming and the curb and the horses had been turned to the west and stood at a right angle to the line of the wagon. This position threw the hub of the right forward wheel so close to the track that, when the car passed, the hub projected a few inches over the running-board on which plaintiff stood. Plaintiff states he was

standing with his face to the north, looking into the car, and the first he knew of the wagon was when the gripman warned him to "look out for the wagon." He immediately looked ahead, saw the wagon and attempted to step up to the floor of the car, but before he could complete the movement, the wagon hub struck his left aukle and injured him. Further, he states that when warned by the gripman, the wagon was some twenty-five feet ahead of the car and that the gripman made no effort to reduce speed. The gripman testified that as he approached the wagon he "slowed down" and told plaintiff to "step up off of the footboard that he was liable to get knocked off there;" that no attention was given to the warning and that plaintiff collided with the head of one of the horses, causing it to shift the position of the wagon tongue in a way to run the end thereof against the passing coach. Plaintiff was thrown to the street. The negligence averred in the petition is "that said car was being run carelessly and negligently at full speed by the said wagon at the said time, that the gripman saw, or by the exercise of due care could have seen said wagon standing in such close proximity to the tracks of said company and that immediately after the gripman spoke to this plaintiff as aforesaid, his left foot was struck by the hub of said wagon or some other part of the wagon and by reason of which he was knocked from the car and thrown upon the pavement with great force and violence," etc. The answer contains a general denial and a plea "that if plaintiff received any injuries at the time mentioned in said petition, the same were caused by plaintiff's own fault and negligence."

All of the witnesses for defendant state that some of the seats in the gripcar were not occupied and as plaintiff does not state positively to the contrary, we shall assume that he could have found a seat but, instead, chose to stand on the footboard for the short distance he had to go. It was not negligence *per se* for plaintiff,

with the knowledge and implied assent of the trainmen, to take a position on the car less safe than that of riding in a seat. Whether or not such conduct was negligent was a question of fact for the jury to decide. The only risks assumed by plaintiff were those incidental to the position he selected and not those which might result from the failure of defendant's servants to observe due care in the management of the car. Plaintiff forfeited none of his rights as a passenger and defendant owed him the duty of exercising the highest degree of care to avoid injuring him. Knowing that plaintiff was where he might receive an injury from the wagon, it was the duty of the gripman not only to warn him of the danger but, when he saw the warning was not being heeded with proper alacrity, to stop the car to avoid injuring him. From the evidence of plaintiff, it appears that the gripman had knowledge of the danger in sufficient time to stop the car; that plaintiff did not receive the warning in time to escape and that he acted for his own safety with all reasonable expedition. With these facts before him, the learned trial judge could not well do otherwise than to send to the jury as issues of fact the questions of the negligence of defendant and the contributory negligence of plaintiff. [Wellmeyer v. Transit Co., 198 Mo. 527; Sweeney v. Railway, 150 Mo. 385; Parks v. Railway, 178 Mo. 108; Seymour v. Railroad, 114 Mo. 266; Willmott v. Railway, 106 Mo. 535.]

Objection is made to the submission in the first instruction given at the request of plaintiff of the question of whether the gripman ran the car rapidly past the wagon. Claim is made that there is no evidence that the car was run at rapid speed. We think when fairly interpreted, the evidence of plaintiff does tend to show that the car was running at usual speed when the danger was discovered and that no effort was put forth to lower speed until plaintiff was struck. The word "rapidly" is to be construed in the light of the circum-

stances of the particular situation.   To attempt to pass
a wagon stationed in the middle of a block so close to
the track as to threaten a collision, without reducing
speed, obviously would be to run by rapidly.   The point
must be ruled against the contention of defendant.

The words italicized in the following instruction are
criticized:   "The jury are instructed that *due care on
the part of an infant does not require the judgment and
thoughtfulness that would be expected of an adult per-
son under the same circumstances* and if the jury be-
lieve from the evidence that the plaintiff was an infant
under the age of fourteen years and that he exercised
that degree of care which under like circumstances
would reasonably be expected of one of his years and
capacity, then plaintiff would not be guilty of contribu-
tory negligence."   It was not prejudicial error for the
court to direct attention to a peculiarity of infantile
nature with which every person of ordinary understand-
ing is perfectly familiar and about which there can be
no difference of opinion among reasonable minds.   What
we said in Mann v. Railway, 123 Mo. App. 486, is per-
tinent:   "The conduct of a boy twelve years old should
not be measured by the standard of care applied to an
adult because the immaturity of youth ordinarily em-
braces not only an imperfect knowledge of natural facts
and laws and of the proper relation between cause and
effect, but when possessed of these elements necessary
to the exercise of reasonable care it still lacks the dis-
cretion, thoughtfulness and judgment presumed to be
an attribute of the ordinarily prudent adult and which
may be said to come only with experience.   Thoughtless-
ness, impulsiveness and indifference to all but patent
and imminent dangers are natural traits of childhood
and must be taken into account when we come to classify
the conduct of a child."   [Anderson v. Railway, 161 Mo.
411; Burger v. Railway, 112 Mo. 238.]   Cases are plenti-
ful where the act of the infant has been so glaringly dan-

gerous that courts have pronounced it negligence in law even in a person of the age of the actor.    [Payne v. Railroad, 136 Mo. 562.]    And where the issue of contributory negligence is submitted as one of fact, it frequently becomes the duty of the jury to determine whether the infant in the given situation, while in the exercise of what would be reasonable care for one of his years and apparent understanding should not have done the thing that would have been expected of an ordinarily prudent person of mature age; but this is consistent with the rule that the standard by which the conduct of an immature person is to be measured is different from that applicable to adults.    In effect, it is but the finding of court or jury that judge by either standard the act was excessive or that but one reasonable course of conduct was open, either to an adult or to an infant of the age of the plaintiff.    The principle declared in the instruction being sound, we do not perceive that defendant could have been injured by it.

Our discussion of the demurrer to the evidence contains a sufficient answer to the remaining objections urged by defendant against the instructions given at the instance of plaintiff.    There is evidence in the record which strongly tends to show that the gripman actually discovered the peril in time to have averted the injury had he acted with reasonable promptitude and judgment. Applying to this hypothesis of facts the salutary principle of the humanitarian doctrine, the facts that plaintiff may have been negligent either in standing on the running board or in not looking ahead for possible danger will not absolve defendant from liability for the reason that such facts, if either or both existed, did not absolve defendant from the duty of availing itself of the last fair chance it was offered of protecting its passenger against injury.    Its failure to perform that duty properly should be regarded as the negligence which became the immediate cause of injury and, as such, it occupied the entire

field of the proximate cause.    [Ross v. Railroad, 113 Mo. App. 600.]

The judgment is affirmed.    All concur.