INDIANA UNION TRACTION COMPANY v. REYNOLDS.

[No. 21,869.   Filed June 29, 1911.]

1.   RAILROADS.— *Street.— Negligence.— Complaint.— Personal Injuries.—Damages to Property.—Negativing Contributory Negligence.* —A complaint for damages concluding "that on account of said negligence said plaintiff was injured, in that he was thrown from said wagon * * * upon the said street * * *; that at the time of said injury the said plaintiff was earning * * * five dollars per day; that his wagon was damaged in the sum of twenty dollars; that he suffered great mental and physical pain * * * and that he has been injured in the sum of $5,000," and demanding judgment for $5,000, is sufficient without negativing contributory negligence, the allegation as to damages for the wagon being surplusage.   p. 264.

2.   RAILROADS.—*Street.—Collisions with Vehicles.—Instructions.— Assuming Facts.*—In an action for personal injuries caused by a collision of a car of defendant street railroad company and plaintiff's vehicle, an instruction that if "the defendant ran the car which injured the plaintiff, if such injury occurred, so close to another car that the noise and rumble and ringing of the bell of the leading car drowned the signals and sound of the bell on the said car which committed the injury * * * the defendant was guilty of negligence," is erroneous in assuming facts, the defendant's negligence in so running its car being for the jury.   p. 266.

3. NEGLIGENCE. — *Proximate Cause.* — *Instructions.* — Instructions purporting to set out all facts necessary to recover in a negligence case should connect defendant as the causative agent of such negligence.   p. 267.

From Grant Superior Court; *P. H. Elliott,* Judge.

Action by John W. Reynolds against the Indiana Union Traction Company. From a judgment on a verdict for the plaintiff for $500, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Reversed.*

*J. A. Van Osdol, Kittinger & Diven* and *Carroll & Dean,* for appellant.
*Williams & Clawson* and *Todd & Rauch,* for appellee.

Cox, J.—Appellee sued appellant for personal injuries alleged to have been received by reason of appellant's negligence in running one of its cars against the wagon appellee was driving across appellant's tracks at a street crossing in the city of Marion, Indiana. The complaint was in two paragraphs, and demurrers were overruled to each of them. From a judgment on a verdict for appellee this appeal is prosecuted by appellant.

It is first contended that the trial court erred in overruling appellant's demurrer to the first paragraph of the complaint. The particular defect of the complaint does not require that the pleading shall be set out in full, but the following part of it will disclose the basis of appellant's contention. After alleging the facts and circumstances of appellant's alleged negligence, the complaint concludes, ''that on account of said negligence said plaintiff was injured, in that he was thrown from said wagon, in which he was riding, upon said street, thereby receiving permanent injuries of the shoulder, spinal column and back; that said injuries have caused said plaintiff to be confined to his bed a great part of the time since said accident, and have left said plaintiff in such a condition that he is unable to

dress himself; that at the time of said injury said plaintiff was earning, and when in good health did earn $5 a day; that his wagon was damaged in the sum of $20; that he has suffered great mental and physical pain on account of said injuries, and that he has been injured in the sum of $5,000."

The specific and only objection to the sufficiency of this paragraph of the complaint is that it contains no allegation that appellee was free from contributory negligence. It is urged that as it contains a statement that appellee's wagon was damaged in a sum stated, it is a complaint for injuries to property, and that as the act of 1899 (Acts 1899 p. 58, §362 Burns 1908), placing the burden of proving contributory negligence on a defendant, does not change the rule of pleading in negligence cases when the injury is to property, this paragraph is bad without such allegation of appellee's freedom from contributory negligence.

It is clearly apparent that this paragraph of complaint seeks to recover for injuries to the person of appellee alone, and not for injuries to his wagon. It nowhere alleges, by any direct allegation, that the wagon was injured by the acts of negligence averred, but only the disconnected statement is made, "that his wagon was damaged in the sum of $20." No damages are asked for this loss, but, on the contrary, it is alleged that appellee sustained injuries in the sum of $5,000, and for that sum judgment is asked. The statement quoted from the complaint, of damages to the wagon, is mere surplusage. Moreover the record shows that the appellee was not seeking a recovery for damages done to his wagon, and that the trial proceeded on the theory that a recovery was sought for personal injuries alone. The court's instruction, defining the measure of damages, included only injuries to appellee's person. The court did not err in overruling the demurrer to this first paragraph of complaint. *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639.

The trial court gave to the jury eight instructions requested by appellee, and gave all the instructions—eleven

in number—requested by appellant. Counsel for appellant challenge the accuracy of an instruction given at the request of appellee, relating to the burden of proving contributory negligence. The fault found with this instruction is based on the same objection that was made to the ruling on the first paragraph of complaint—that the action was for damages to the property of appellee as well as to his person. What has been said in disposing of the question raised as to the sufficiency of that paragraph of complaint disposes of the objection to this instruction, contrary to appellant's contention.

Earnest complaint is made of the following instruction given by the court at the request of appellee: "The rights of a street-car company and of drivers of other vehicles to the use of a street are equal. Neither has a superior right over the other, except to the extent that a street-car runs on a track, and cannot turn out of the way. The driver of a wagon about to cross a street-car track in a populous city has a right to assume that those in charge of a street-car will exercise reasonable care in the running of said cars. The street-car company in the case before you had no greater right to the crossing than the plaintiff, except the right to priority in passing, and it had no right to do any act that would mislead the plaintiff, and expose him to needless danger, and if you find from the evidence in this case that the defendant ran the car that injured plaintiff—if such injury occurred—so close to another car that the noise and rumble of the car and ringing of the bell of the leading car drowned the signals and sound of the bell on said car that caused the injury, then I instruct you that defendant was guilty of negligence, and you should find for plaintiff, unless the evidence shows that he was guilty of contributory negligence."

Appellee's complaint charged negligence on the part of appellant in running the car that caused the injury at a high and dangerous rate of speed along a street in the city of Marion, in running it in violation of a city ordinance lim-

iting the speed at which appellant might run its cars, and in running such car in close proximity to a preceding car. Appellee was driving near the side of the track on which said car was running, and as his destination required him to turn across the tracks of appellant onto a cross-street, he did so immediately after the foremost car passed him, and he was struck by the one following. In view of the fact that the case made by the evidence is not free from doubt, and that other instructions given are subject to criticism, the instruction before set out is indefensible, and requires that the case be reversed. It invades the province of the jury. Whether the fact that appellant ran the car so close to the preceding car that the noise and rumble of the car and ringing of the bell of the leading car drowned the signals and sound of the bell on the car that struck appellee, was not only a question of fact to be determined by the jury, but, if found, it was for the jury to determine whether, under all the circumstances of the case, it constituted negligence on the part of appellant. The instruction is also objectionable on the ground that it is subject to the implication that the jury was told by the court that appellee was misled and exposed to needless danger by such running of the cars. This, also, was a fact for the jury to determine.

3. Instructions six and eleven, given at the request of appellee, are subject to objection, in that the acts therein stated, as entitling appellee to recover, are not coupled with his injury as a causation.

The judgment is reversed, with instructions to the trial court to grant a new trial.