EUGENE KIRKPATRICK, Respondent, v. METRO-
POLITAN STREET RAILWAY COMPANY,
Appellant.

**Kansas City Court of Appeals, February 5, 1912.**

1. **NEGLIGENCE: Street Railways: Riding on Bumper.** Plain-
tiff sued for damages received when struck on the head by a
trolley pole while riding the rear bumper of an electric street
car. He took this position on account of the crowded condi-
tion of the car and the conductor accepted his transfer. The
trolley pole came off the wire in crossing a bridge over railroad ·
tracks and the car coasted down grade. When the trolley pole
hit the crossing it was knocked back against the rear end of
the car and struck plaintiff on the head. *Held*, that when a per-
son is permitted by the conductor to ride on the bumper of a
car owing to its crowded condition, he thereby becomes a pas-
senger and while he assumes all the risks by riding in a place
not intended for passengers, he does not assume the risk of
being injured by the negligence of the defendant.

2. ——————: ——————: **Pleading.** Where the charge is general neg-
ligence and it is shown that a passenger was injured, it devolves
upon the carrier to prove that the accident was unavoidable.

Appeal from Jackson Circuit Court.—*Hon. Wm. O.
Thomas,* Judge.

AFFIRMED.

*John H. Lucas* and *Charles N. Sadler* for appel-
lant.

(1) The court erred in admitting any evidence
under the petition herein. The petition does not state
facts sufficient to constitute a cause of action. R. S.
1899, sec. 1794; Behen v. Transit Co., 186 Mo. 430;
Drolshagen v. Railroad, 186 Mo. 258; Rodgers v. Ins.
Co., 186 Mo. 255; Gabriel v. Railroad, 130 Mo. App.
651. (2) Statement of witnesses contradictory of gen-
eral knowledge, or opposed to physical facts, or con-
trary to the operation and effect of natural forces,
should not be accepted by any court. Barnard v.

Railroad, 137 Mo. App. 684; Scroggins v. Railroad, 120 S. W. 731; Curley v. Railroad, 104 Mo. 211; Hunter v. Railroad, 23 N. E. 9; Nugent v. Milling Co., 131 Mo. 241; DeMaet v. Storage Co., 121 Mo. App. 92. (3) A passenger riding in a place not intended for passengers to ride, or in a way and manner not intended for them to ride, is guilty of contributory negligence, and assumes all risks incident to such acts. White on Personal Injuries on Railroads, vol. 2, secs. 773-802; Vessels v. Railroad, 129 Mo. App. 708; Hedrick v. Railroad, 195 Mo. 104; Carroll v. Railroad, 107 Mo. 653; Lehnick v. Railroad, 118 Mo. App. 611; Lange v. Railroad, 132 S. W. 31. (4) Where plaintiff's own evidence shows contributory negligence demurrer should be sustained. Cohn v. Kansas City, 108 Mo. 393; Roberts v. Tel. Co., 166 Mo. 371; Wheat v. St. Louis, 179 Mo. 572, 29 Cyc. 511; Butterfield v. Forster, 11 East, 60; Davis v. Railroad, 105 Cal. 131; Yahm v. Ottumwa, 60 Ia. 429; Lange v. Railroad, 132 S. W. 31; Haffey v. Railroad, 135 S. W. 987; Harlan v. Railroad, 138 S. W. 667. (5) It is not negligence not to take precautionary measures to prevent an injury which, if taken, would have prevented it, when the injury could not reasonably have been anticipated, and would not, unless under exceptional circumstances have happened. Brewing Association v. Talbot, 141 Mo. 674; Chandler v. Gas Co., 174 Mo. 327; Fuchs v. St. Louis, 167 Mo. 626; Ray on Negligence, p. 133; Strack v. Tel. Co., 116 S. W. 526; Webb's Pollock on Torts (Enlarged Am. Ed.), pp. 45-46; 29 Cyc., pp. 493-495. (6) The court erred in admitting evidence of doctor bills because not pleaded. Stoetzle v. Swearingen, 96 Mo. App. 592, and cases cited; Mammerlery v. Railroad, 62 Mo. App. 562; Davidson v. Transit Co., 211 Mo. 320; Boyce v. Railroad, 120 Mo. App. 168; Ingles v. Railroad, 129 S. W. 493; Grout v. Railroad, 31 S. W. 891. (7) The court erred in permitting the doctor to testify to results in other cases. Glasgow

v. Railroad, 191 Mo. 358; Taylor v. Railroad, 185 Mo. 255.

*S. D. Scott, A. F. Smith* and *Guthrie, Gamble &. Street* for respondent.

(1) Plaintiff's petition stated a cause of action. (2) The rule that statements of plaintiff's witnesses contradictory of general knowledge or opposed to physical facts or contrary to the operation and effect of natural forces should not be accepted by the court, does not permit the court to "indulge in arbitrary deductions from physical law and fact except when they appear to be so clear and irrefutable that no room is left for the entertainment by reasonable minds of any other. Scroggins v. Railroad, 138 Mo. App. 215 *et seq.* (3) A passenger riding in a place not intended for passengers to ride or in a way and manner not intended for them to ride is not necessarily guilty of contributory negligence and does not assume all risks incident to such acts, and this is particularly true when the place where he was riding is occupied by passengers every day. Baskett v. Railroad, 123 Mo. App. 725-728.

BROADDUS, P. J.—This is a suit by plaintiff against defendant for damages for personal injuries alleged to have been received on or about August 24, 1908, on Southwest Boulevard, between Twenty-fourth and Twenty-sixth streets in Kansas City, Missouri. The action is founded on a general allegation of negligence.

The evidence of plaintiff tended to show that he boarded defendant's car a short time before he received his injuries at which time he was standing on the bumper of the car, which position he had taken on account of the crowded condition of the car. When he got on the car he tendered his transfer to the con-

ductor who received it. There were two or three persons riding on the back fender of the car at the same time. He was man about five feet and six inches tall. The trolley pole came off the wire and plaintiff claims that it struck something and was thrown down against him and struck him on the head. The trolley came off the wire in crossing a bridge over the Belt line tracks and at the time it was coasting down grade going about ten or twelve miles an hour. When the trolley pole hit the crossing it was knocked back against the rear end of the car.

The plaintiff and one other witness testified that the wheel of the trolley struck him on the head and knocked him to the ground. His injury consisted of a cut through the cuticle and the outer layer of the bones of his skull of about two inches in length, and there was a cut through the stiff crowned hat he had on at the time. One other witness, who was standing on the fender of the car, did not see plaintiff struck because there was another person between himself and plaintiff. His statement is that he saw him sink down and fall off the car; and that he had ahold with both hands with his face right in the car. He was asked what became of his hands. A. "They just slid right down and he dropped off;" and that he did not fall on his head.

To show that it was a physical impossibility for plaintiff to have been struck by the wheel of the trolley pole as he claimed he was, the defendant had measurements made of the pole, the distance from the top of the vestibule to the bumper and other measurements. The height of the plaintiff was conceded to be five feet and five or six inches. Mr. James A. Taylor, a lawyer of good repute, made the measurements. He testified from memoranda he made at the time. They are as follows: The distance from the bumper on which plaintiff was standing to the top of the vestibule of the edge of the roof and comes out over the vesti-

bule was six feet and ten inches; the distance from the top of the deck to the top of the vestibule straight down twelve inches; from the end of the trolley pole pulled down over the deck, four feet and two inches, when the trolley was pulled down flat against the top of the car; the trolley pole was fifteen feet eight inches in length; including the wheel at the end; from the end of the deck to the end of the vestibule three feet seven inches; from the end of the deck to the end of the trolley pole four feet two inches.    He was asked: "Did you make measurement how far the pole extended from the vestibule to the end of the trolley pole?"    A.  "In order to do that you would have to bend the trolley pole.  Approximately though it was, I would judge it was about eight inches."   His opinion was that it was impossible for a man five feet six inches high standing on the bumper to be struck by the end of the trolley.

Mr. Guthrie testified for the plaintiff and stated as an additional fact that the distance of the base of the pole where it was attached to the top of the car was ten inches.  Although his measurements did not differ materially from that of Mr. Taylor they showed that it was possible for the plaintiff to have been struck by the trolley while standing on the bumper. In his measurements he used a stiff wire of the same length as that of the pole.

By the aid of geometry making due allowance for the dynamotric force that was given to the pole while it thrashed back over the end of the car, it is made certain that the plaintiff could have been struck as he stated while standing on the bumper.  The fault in the conclusions of Mr. Taylor is that they are based upon measurements of the reach of the pole to the rear ends of the deck and vestibule by laying the pole flat on the deck of the car, when as a matter of fact, it would describe a slight circle from the base ten inches above the car to the top of plaintiff's head. This

calculation accords with the other physical facts that the wound on plaintiff's head and the injury to his hat consisted practically of clean cuts, whereas, if he had fallen on his head on the ground the injury to the hat would have been in the nature of a break and that on his head a contused wound. We think it sufficiently shown that plaintiff's injury can safely be reconciled with the law of physics, and that it was not caused by his falling from the bumper as contended by defendant.

There was evidence that the result of the plaintiff's injury was somewhat serious and permanent, and that he incurred considerable expense for medical services. Dr. Longenecker, who was plaintiff's physician and who dressed his wounds and attended him, was asked to state whether the injury of the kind plaintiff received would in his opinion produce dizziness as one of the permanent results which would flow to a man of the type of plaintiff? The question was objected to and the objection overruled. There has been much uncertainty as to whether the question was a proper one, and so much so, that this court has certified a case to the Supreme Court in order that that court may determine whether it is or not. However, it is not necessary to decide the question in this case, because the doctor's answer was as follows: "I think such a result might follow." It is held that whatever objection there may have been to the form of a question if the answer it elicits is competent evidence the question is harmless. [Young v. Railroad, 126 Mo. App. 1.]

It is contended that the court should have sustained defendant's demurrer to the plaintiff's case. It having been shown that the plaintiff was injured as has been stated, the questions arise whether he was a passenger within the meaning of the term; whether the negligence of defendant has been shown; and whether plaintiff was guilty of contributory negli-

gence? When a person is permitted to ride on the bumper of the car by the conductor owing to its crowded condition he thereby becomes a passenger. [Paquin v. St. Louis & Sub. Railway Co., 90 Mo. App. 118.] It is contended that because plaintiff was riding in a place not intended for passengers he assumed all the risks. Such is the law. [Vessels v. Met. Street Ry. Co., 129 Mo. App. 708; Hedrick v. Railway Co., 195 Mo. 104; Lehnick v. Ry. Co., 118 Mo. App. 611.] While such is the law such passenger does not assume the negligence of the defendant, and if he is injured under such circumstances by the negligence of the carrier he is entitled to recover. [Vessels v. Ry. Co., supra.] All the decisions are to the same effect.

The charge is general negligence and the rule is well established in such cases that when it is shown that a passenger is injured it devolves upon the carrier to prove that the accident was unavoidable. Under such a general allegation of negligence the plaintiff was allowed to show that the trolley pole of the car broke and that a part of it fell upon and crushed through the roof of the car and injured a passenger. [Donovan v. Met. Street Ry. Co., 138 S. W. 679.]

In this case it was shown that the trolley became detached from the overhead wire. Defendant contends that it is a matter of common observation that trolleys do frequently become so detached, therefore, it was not a matter which the defendant could prevent or anticipate. It is true that such is common observation, but we are not to conclude because such is the fact that it was not within the power of the defendant by the exercise of proper care in the construction of its railway to prevent such mishaps. If there was no way in which defendant could have prevented such occurrences it should have given a reason therefor. We do not know and cannot take judicial cognizance of the fact, if it is a fact, that there is no known mechanical contrivance in use that will prevent trolleys

Redd v. Railroad.

from becoming detached from the wires. And further-more, it seems to us that there could be a means pro-vided which would prevent the trolley pole, when it does become detached, from falling upon the car and endangering the safety of passengers.

The defendant complains that the verdict of the jury was excessive. It was for $500. We believe the evidence of plaintiff's injury fully supports the ver-dict in every respect. Affirmed. All concur.